UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REXTON GORDON p/k/a SHABBA RANKS<br><br>Plaintiff,<br><br>- against-<br><br>GREENSLEEVES PUBLISHING, LTD.<br><br>Defendant. | Case No. 26-cv-7933<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff Rexton Gordon p/k/a Shabba Ranks ("Plaintiff" or "Gordon"), by its attorneys, Reitler Kailas & Rosenblatt LLP, as and for his Complaint against defendant Greensleeves Publishing, Ltd. ("Greensleeves") herein, alleges as follows:

## PARTIES

1. Plaintiff is an internationally famous musician, songwriter and recording artist and a resident of Coram, New York.

2. Upon information and belief, defendant Greensleeves is a limited liability company involved in the music publishing business whose registered office address is 101 New Cavendish Street, 1st Floor South, London, UK.

## NATURE OF THE ACTION

3. This is an action for a Declaratory Judgment pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. § 2201-02.

4. Gordon seeks a declaration that (a) he successfully terminated his previous grants of U.S. copyrights in certain musical compositions identified on the attached **Exhibit A** (collectively, the "Compositions") pursuant to 17 U.S.C. § 203, because he timely served the statutorily required termination notice ("Notice") on Greensleeves and/or its predecessor in interest and duly complied with all other statutory requirements for effective termination; and (b) as a result of this statutory termination Gordon is the sole owner of all of the U.S. copyrights in those Compositions he had previously conveyed to Greensleeves as to which the effective date of termination stated in the Notice has occurred, to the fullest extent permitted by the Copyright Act; and (c) as to the remaining Compositions, as result of this statutory termination Gordon will become the sole owner of all of the U.S. copyrights he previously conveyed to Greensleeves, upon the occurrence of the respective effective dates of termination for such Compositions, as stated in the Notice, to the fullest extent permitted by the Copyright Act.

5. A true and correct copy of the Notice, as recorded in the U.S. Copyright Office, is attached as **Exhibit B**.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02 and the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

7. Venue is proper in this Judicial District because this is the Judicial District in which a substantial part of the acts and omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b).

8. Upon information and belief, the Court has personal jurisdiction over Greensleeves because Greensleeves resides, has agents, does or transacts business, or is otherwise found, and has purposefully availed itself of the privilege of doing business in the State of New York and this Judicial District.

## STATEMENT OF FACTS

9. The Compositions were written wholly or in part by Gordon.

10. On or about September 1, 1989, Gordon assigned, transferred and conveyed to Greensleeves' predecessor in interest, Dubplate Music Publishers Limited ("Dubplate"), all of his worldwide right, title and interest in and to the Compositions, including the copyright therein and the rights of renewal and extension of such copyrights. This assignment was memorialized in the document attached as **Exhibit C** (the "Assignment").

11. On September 28, 2023, Gordon served the Notice on Dubplate pursuant to section 203(a) of the U.S. Copyright Act.

12. On October 2, 2025, the Notice was duly recorded in the U.S. Copyright Office prior to the first claimed effective date.

13. As shown on Exhibit A, the effective dates of termination asserted in the Notice for some of the Compositions ("Earlier Compositions") have already occurred.

14. The effective dates of termination for the remaining Compositions (the "Later Compositions") have not yet occurred as of the commencement of this action.

15. On or about November 11, 2025, counsel for Greensleeves sent a letter to Gordon's counsel falsely asserting that the Notice was invalid. A copy of that letter is attached as **Exhibit D.**

16. The November 11, 2025 letter asserted that the Compositions were works made for hire under the U.S. Copyright Act because the Assignment characterized them as such.

17. In fact, the Compositions are not and could not have been works made for hire under the U.S. Copyright Act, regardless of the language of the Assignment, because Gordon was never at any time an employee of Dubplate or Greensleeves, and musical compositions are not recognized in the U.S. Copyright Act as a type of work that can be deemed a work made for hire simply by agreement between the hiring party and a non-employee author.

18. On or about January 14, 2026, counsel for Greensleeves sent a second letter to Gordon's counsel falsely asserting that the Notice was ineffective. A copy of that letter is attached as **Exhibit E.**

19. The January 14, 2026 letter repeated the specious arguments made in the November 11, 2025 letter, and further invoked a controversial lower-level U.K. court decision, *Gloucester Place Music Limited v. Simon LeBon,* to argue that even if the Notice were deemed effective, Gordon would be in breach of the Assignment if he exercised his termination rights under U.S. law.

20. In fact, U.S. law provides that an author may exercise his or her statutory termination rights "notwithstanding any agreement to the contrary." 17 U.S.C. § 304(c)(5).

21. No U.S. court has ever followed *Gloucester Place Music Limited v. Simon LeBon.*

**CAUSES OF ACTION:**
**COUNT I: DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP**

22. Gordon re-alleges and incorporates by reference the allegations in paragraphs 1-21 above as if set forth fully herein.

23. The conflicting positions of Gordon and Greensleeves are actual, immediate, and substantial, and a justiciable controversy exists over the opposing parties' respective rights with respect to the Compositions.

24. There is a current, definite and concrete controversy between Gordon and Greensleeves having adverse legal interests, and the controversy is sufficiently immediate and real to warrant the issuance of a Declaratory Judgment under 28 U.S.C. § 2201. The controversy is amenable to specific relief through a decree of a conclusive character.

25. Greensleeves' claims of the invalidity of the Notice are without legal foundation.

26. A Declaratory Judgment in this case would serve a useful purpose in clarifying and settling the respective rights and obligations of the parties, and will terminate and afford relief from the uncertainty that is resulting from this controversy upon Gordon.

27. Plaintiff requests the Court to enter a Judgment and Order declaring that (i) Plaintiff is the owner of the U.S. copyrights interests in and to the Earlier Compositions, and will become the owner of the U.S. copyright interests in and to the Later Compositions upon the occurrence of the effective date for each respective Later Composition; (ii) Plaintiff, and not Greensleeves, is entitled to quiet title to the ownership of the U.S. copyrights in and to the Compositions; and (iii) Greensleeves is restrained and enjoined from asserting any rights of ownership of the U.S. copyrights in and to the Compositions that is inconsistent with the foregoing.

28. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff as follows:

(A) Declaring that Plaintiff is the owner of the U.S. copyright interests in and to the Earlier Compositions;

(B) Declaring that Plaintiff will become the owner of the U.S. copyright interests in and to the Later Compositions upon the occurrence of the effective date for each respective Later Composition;

(C) Declaring that Plaintiff, and not Greensleeves, is entitled to quiet title to the ownership of the U.S. copyright interests in and to the Compositions;

(D) Restraining and enjoining Greensleeves from claiming any rights of ownership of the U.S. copyright interests in and to the Compositions inconsistent with the above, or from otherwise infringing upon Gordon's rights therein;

(E) Awarding Gordon his costs and disbursements incurred in prosecuting this action, including, but not limited to, his reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(F) Awarding such damages and other and further relief as the Court may deem just and proper.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Brian D. Caplan*
Brian D. Caplan
Julie B. Wlodinguer
James Ng
Reitler, Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050
bcaplan@reitlerlaw.com
jwlodinguer@reitlerlaw.com
jng@reitlerlaw.com

*Attorneys for Plaintiff Rexton Gordon p/k/a Shabba Ranks*